[No. 1142.   Decided May 2, 1894.]

JOHN CAMPBELL, *Appellant*, v. PERRY D. VINCENT AND
FREMONT MILLING COMPANY, *Respondents*.

LOGS AND LOGGING — RIGHT OF LIEN — RELEASE.

Where laborers engaged in getting out saw logs have expressly
released all right of lien upon the logs cut within thirty days of the
time of filing liens, the right to lien upon logs cut prior thereto is
thereby lost.

*Appeal from Superior Court, King County.*

*G. D. Farwell* (*Winsor, Bush & Morris*, of counsel),
for appellant.

*Wiley & Bostwick*, for respondent Fremont Milling
Company.

The opinion of the court was delivered by

SCOTT, J. — Appellant, for himself and as assignee of a
number of co-lienors, commenced this action to foreclose
fourteen liens for labor performed in getting out saw logs.
Said labor was performed for one Vincent, who was en-
gaged in the logging business in King county. While
Vincent was so engaged he made several sales of quantities
of logs to the Fremont Milling Company. The last sale
was made on the 11th day of April, 1892. On the 16th
day of said month, appellant and all of his assignors noti-
fied said company that they claimed the right to file liens

upon these logs purchased from Vincent on the 11th of April aforesaid, for labor performed thereon. Whereupon, with the consent of Vincent, an agreement was entered into between said company and said claimants whereby the company paid the sum of $818, the purchase price of the logs, to said claimants, which was received by them and applied in payment of the labor performed upon the said logs last sold as aforesaid, and whereupon said claimants expressly released all right to file any lien upon said logs. Subsequently said claimants filed liens upon other logs gotten out by them for Vincent which had been sold to said Fremont Milling Company prior to said April 11th. More than thirty days had elapsed since said claimants had performed any labor on the logs upon which they sought to enforce said lien claims, at the time they filed their notices of lien. Judgment was rendered for the defendants, and the plaintiff appealed.

It is contended by the respondents that in order to maintain the liens it was necessary for the claimants to have performed labor upon some of the logs against which they sought to enforce their liens within thirty days of the time when the lien notices were filed, and that as the proof shows they had expressly released all right to any liens upon all the logs on which they had performed any labor within said thirty days they could not claim or enforce any liens against the logs cut prior thereto. We are of the opinion that this point is well taken. No right was reserved in the release given to file any liens upon other logs previously sold by Vincent to the company, nor was any intimation given of any intention to claim such a lien at the time said release of the last lot purchased was obtained.

Affirmed.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.