[No. 1721. Decided June 22, 1895.]

George Beal *et al.*, *Appellants*, v. H. B. Nichols *et al.*, *Respondents*.

#### LOGGERS' LIENS — RELEASE.

Where laborers engaged in getting out saw logs have released all right of lien upon the logs cut within thirty days of the time of filing lien notices, they thereby lose the right of lien upon logs cut prior thereto, although all of the logs may have been cut under one continuous employment.

*Appeal from Superior Court, King County.*

*P. P. Carroll*, for appellants.

*F. S. Griffiths*, for respondents.

The opinion of the court was delivered by

Scott, J.—This was an action to foreclose loggers' liens. Judgment was rendered against the plaintiffs and they have appealed. The facts on which the re-

spective claims are founded are practically conceded. The appellants began work at various times in February and March, 1893, for H. B. Nichols & Co., and no work was performed by any of them after the 16th day of June following. Some of them had quit prior to said last date. The testimony shows that on the last day of May the plaintiffs refused to continue work longer for said H. B. Nichols & Co. under the arrangements then existing between them. Whereupon the following instrument was executed:

"SEATTLE, Wash., June 3, 1893.
"*To the Fremont Milling Company, Seattle, Wash.:*

"We hereby appoint W. H. Thayer as our agent for the period of 13 days from date, in the matter of selling all logs upon which we shall perform, hereafter, labor under said H. B. Nicholson & Co., and upon which we might and could claim a lien under the laws of the state of Washington, and we also authorize you to pay to said W. H. Thayer the purchase price thereof."

This was signed by all of the plaintiffs who thereafter continued work, and subsequently the following receipt was given:

"SEATTLE, Wash., June 17, 1893.
"*Received of Fremont Milling Company,*

Acceptance 60 days after date for One Hundred Fifty-nine and 25-100 dollars, in payment labor on logs furnished from June 1 to June 13, 1893, same to be applied as follows:

George Beal, $18.40; H. E. Eggert, $11.50; G. Blomberg, $13.60; J. Morris, $13.50; A. Beckman, $13.60; A. Peterson, $9.25; L. Clem, $10.40; A. Berg, $8.50; Jno. Ordish, $30.00; W. Daniels, $9.75; G. Compton, $21.25. Total, $159.25. (Signed) GEORGE BEAL."

It is conceded that said Beal was authorized to represent the plaintiffs in this transaction. After this time the plaintiffs filed the liens which they now seek

to enforce against all logs cut by them during the time that they worked as aforesaid, including the logs cut in June; and one of the points in controversy is as to whether said liens were filed in time. This depends on whether the work performed by them in June can be relied upon to save the claims. The lower court held that it could not be, and we are of the opinion that this holding must be sustained under the ruling in *Campbell v. Vincent*, 8 Wash. 650 (36 Pac. 685.)

The instrument first executed, authorizing a sale of the logs and a payment of the purchase price to Thayer, was in effect a release of any right to claim a lien upon the logs cut within the time therein specified for labor performed thereon. Even though all the work performed by the plaintiffs is regarded to have been done under a continuous contract of employment, we think the lien claims cannot be sustained. In order to bring the filing of such claims within the statutory time it was necessary that they should have performed some labor upon some of the logs against which they sought to enforce liens within thirty days of the time that the claims were filed, or that they should not have relinquished their right thereto. They clearly would have no right, after having received pay for the logs cut in June, upon "the sale thereof as aforesaid to claim a lien against those same logs for labor performed upon other logs prior thereto. The fact that the same parties purchased the prior logs could make no difference as to this. If they could have such a right at all they would have it as well if the prior logs had been sold to other and different parties.

Affirmed.

Hoyt, C. J., and Dunbar, Anders and Gordon, JJ., concur.